UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT CARLIN,

                Plaintiff,

           - against -

CBE,

                Defendant.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
08-CV-1491 (RRM) (LB)

MAUSKOPF, United States District Judge.

      Plaintiff, proceeding pro se, commenced this action by filing a complaint (Docket No. 1) on April 9, 2008. The complaint was vague and unintelligible, and failed to provide a clear and concise statement of plaintiff's claims or the basis for the court's jurisdiction. By Order dated April 11, 2008 (Docket No. 3), the court granted plaintiff's request for in forma pauperis status pursuant to 28 U.S.C. § 1915, and directed plaintiff to file an amended complaint. The court instructed plaintiff that his amended complaint must set forth the legal basis and factual allegations to support his claim against defendant, and must also specify the basis for the court's jurisdiction. Plaintiff filed an amended complaint (Docket No. 4) on May 1, 2008. The court has reviewed plaintiff's amended complaint and, for the reasons discussed below, dismisses the action.

## DISCUSSION

      The allegations in plaintiff's amended complaint remain unclear; however, plaintiff has annexed to his amended complaint two letters from the United States Department of Education, which, when coupled with a third letter filed in conjunction with his original complaint, shed some light concerning the subject matter underlying plaintiff's claim.

1

The following information is derived the United States Department of Education letter dated September 13, 2006. It appears that plaintiff received at least three student loans. Plaintiff received two National Direct Student Loans from CUNY York College in the amount of $725.00. In or around 1981, the loans were deemed in default and assigned to the United States Department of Education. In addition, plaintiff received a loan under the Federal Family Education Loan Program.[1] This loan was likewise deemed in default, and the New York State Higher Education Services Corporation paid an insurance claim to the lender. At the time of the assignment, the balance on the loan was $10,486.85 in principal and $6,588.46 in interest. See Letter dated September 13, 2006 from the United States Department of Education, annexed to plaintiff's amended complaint. Finally, it appears that, as of June 15, 2007, the total amount that plaintiff owed on his student loans was $33,752.65. See Letter dated June 15, 2007, from The CBE Group, annexed to plaintiff's original complaint. Plaintiff seeks to have this court "dismiss [his] debt." Amended Complaint at 1.

The asserted basis for the court's jurisdiction remains unclear. The Secretary of Education, not a district court, has the authority to discharge a loan guaranteed by the Department of Education. Possible grounds for discharge include, inter alia, death, disability, attendance at a school that closes, and false certification by a school. 34 C.F.R. § 682.402(a). Plaintiff's complaint and amended complaint are devoid of any allegation that plaintiff is entitled to a

---

[1] The Federal Family Education Loan Program ("FFELP") is authorized under Title IV, Part B of the Higher Education Act of 1965, as amended, codified at 20 U.S.C. §§ 1071, et seq. (regulations at 34 C.F.R. Part 682). Under the FFELP, lenders use their own funds to make loans to qualified borrowers to facilitate the borrowers' attendance at eligible post-secondary schools. These loans are guaranteed by state agencies or private non-profit organizations and are reinsured and often subsidized by the United States Department of Education. See 20 U.S.C. §§ 1078, 1087-1; Shabtai v. U.S. Dep't of Educ., No. 02 Civ. 8437, 2003 WL 21983025, at *1 -2 (S.D.N.Y. Aug. 20, 2003).

discharge on one or more of the aforementioned bases.

Moreover, even if plaintiff's complaint did argue that his student loan should be discharged for any of the reasons listed above, plaintiff must avail himself of the administrative process outlined in 34 C.F.R. § 682.402(e) before he may file suit. Specifically, "[a] borrower seeking discharge of a federal student loan must submit a written request and a sworn statement to the holder of the loan. The holder of the loan forwards the request to a guaranty agency that decides whether the request for discharge should be granted. 34 C.F.R. § 682.402(e)(3), (e)(7). If the agency denies the request for discharge, a borrower may appeal directly to the Secretary." Nehorai v. U.S. Dep't of Educ. Direct Loan, No. 08 CV 920, 2008 WL 1767072, at *1 (E.D.N.Y. Apr. 14, 2008); see also 34 C.F.R. § 682.402(e)(7)(iii)(B)(2); Gill v. Paige, 226 F. Supp. 2d 366, 369 (E.D.N.Y. 2002).

Had plaintiff pursued his administrative remedies, in accordance with the procedures outlined in the Code of Federal Regulations, and been dissatisfied with the decision made by the Secretary of Education, he would then be entitled to challenge the Secretary's decision by filing a claim for judicial review under the Administrative Procedure Act. See 5 U.S.C. § 701, et seq.; De La Mota v. U.S. Dep't of Educ., 412 F.3d 71, 77 (2d Cir. 2005). Here, plaintiff has failed to allege that he has exhausted his administrative remedies, thus precluding this action.

Even after the court gave plaintiff an opportunity to amend his complaint so as to state an actionable claim, plaintiff still has not alleged any facts relating to a violation of a federal statute, law, rule or policy. In addition, plaintiff fails to allege that he is entitled to a discharge for any of the reasons set forth in the Code of Federal Regulations or that he has complied with the administrative process, both of which are prerequisites to bringing suit in this court.

## **CONCLUSION**

For the reasons set forth above, the court dismisses the amended complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 12, 2008

_____
ROSLYNN R. MAUSKOPF
United States District Judge